IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN WESLEY MAGNESS, ADC #150340 | * * | |
| Plaintiff, | * | |
| v. | * * | No. 4:11-cv-00652-JMM-JJV |
| Van Buren County Sheriff's Department; *et al.*, | * * * | |
| Defendants. | * | |

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (Doc. No. 136). Plaintiff filed a Response (Doc. No. 141) and a Motion to Dismiss Defendants' Motion for Summary Judgment. (Doc. No. 147.)

Mr. Magness filed this action pursuant to 42 U.S.C. § 1983, concerning events which occurred at the Van Buren County Detention Center. Plaintiff alleges his constitutional rights were violated when Defendants tampered with his mail, denied him adequate access to the law library, and refused to allow him to secure his personal property when transferred to the Arkansas Department of Correction. (Doc. No. 50.)

### II. MOTION FOR SUMMARY JUDGMENT

Pursuant to FED. R. CIV. P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See Dulany v. Carnahan,* 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories,

and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Webb v. Lawrence County,* 144 F.3d 1131, 1134 (8th Cir. 1998) (citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 1135 (citations omitted). Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." *Id*.

    A.    **Access to the Courts**

Plaintiff claims Defendants violated his First Amendment right to access to the courts by denying him adequate access to the law library and by tampering with his legal mail. Plaintiff specifically states he was only given " 'actual access' to the then, inadequately equipped law library on or about the dates of: 7-12-10, 9-13-10 and 9-20-10 throughout his entire nineteen (19) month detention at the V.B.C.D.C." (Doc. No. 50 at 7.) He also states Defendants opened and read his letters to attorneys and the American Civil Liberties Union, and on one occasion refused to mail his correspondence to media. *Id.* at 7-8.

Defendants state these claims should be dismissed because Plaintiff does not allege he suffered any injury. To state a claim for denial of access to the courts, an inmate must allege and prove he suffered an actual injury to a pending or contemplated legal claim. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff does not allege that lack of access to the law library caused him to miss a deadline or timely file a lawsuit. Isolated occurrences of interference do not support a constitutional violation, because Plaintiff provides no proof that the incident occurred.

After careful consideration of the allegations, the Court finds Plaintiff's claims should be

dismissed for failure to allege any injury as a result of Defendants' alleged actions. In *Lewis v. Casey*, 518 U.S. 343 (1996), the United States Supreme Court stated that an inmate alleging a denial of this constitutional right must show "actual injury."

In addition, a valid claim of interference with legal mail requires the inmate to show the defendant's deliberate and malicious interference actually prevented his access to the court or prejudiced his existing litigation. *Id.* Plaintiff has not done this. Although Plaintiff states he received a letter from the Clerk of Court stating "he had not received a case from the plaintiff," (Doc. No. 50 at 12), he does not allege he suffered any injury due to failure to meet a court-imposed deadline or to timely file a lawsuit. Therefore, Defendants' Motion for Summary Judgment should be granted on this point.

### B. Qualified Immunity

Defendants have moved for summary judgment based on the doctrine of qualified immunity. Qualified immunity protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity is a question of law, not a question of fact. *McClendon v. Story County Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial"). "The Supreme Court has generously construed qualified immunity protection to shield 'all but the plainly incompetent or those who knowingly violate the law.'" *Littrell v. Franklin*, 388 F.3d 578, 582 (8th Cir. 2004)

(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). "In other words, 'officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines.'" *Id.* (quoting *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[1] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009).

On close review of the alleged facts, the Court finds that Defendants are entitled to qualified immunity. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right. Therefore, the Court finds Defendants are entitled to qualified immunity on Plaintiff's federal claims without further inquiry.

    **C.    Official Capacity Claims**

Defendants move for dismissal of Plaintiff's official capacity claims. The Eleventh Amendment bars suits against states for monetary damages. *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974); *Dakota, Minnesota & Eastern R.R. Corp. v. S. D.*, 362 F.3d 512, 516 (8th Cir. 2004);

---

[1] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009) (quoting *Pearson v. Callahan*, 129 S.Ct. at 818).

*Hadley v. North Ark. Cmty. Tech. Coll.*, 76 F.3d 1437, 1438 (8th Cir. 1996). Section 1983 does not override Eleventh Amendment immunity. *Hadley*, 76 F.3d at 1438. The Eleventh Amendment has, thus, been construed to also prohibit § 1983 suits seeking monetary damages from a state official in his or her official capacity. *See Treleven v. Univ. of Minn.*, 73 F.3d 816, 818 (8th Cir. 1996). Plaintiff's claims for monetary damages from the Defendants in their official capacities are, therefore, barred.

### D. Personal Property Claims

Plaintiff states that jail officials gave him only minutes to pack his belongings when transferred to the Arkansas Department of Correction, causing him to leave behind his personal property. (Doc. No. 50 at 10-11.) But if an inmate/detainee has an adequate state law remedy, the inmate/detainee cannot maintain a claim for the loss of personal property under 42 U.S.C. § 1983. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-544 (1981). In Arkansas, a plaintiff may maintain an action for conversion[2] against defendants and thus has an adequate state law remedy.[3] Plaintiff's personal property claims should, therefore, be dismissed.

### III. PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Court has carefully considered Plaintiff's Motion to Dismiss (Doc. No. 147) and finds it is wholly without merit and should be denied.

---

[2]Conversion is a common-law tort action for the wrongful possession or disposition of another's property. *Jackson v. Smith*, No. CA09-1374, 2010 WL 4112906, (Ark. App. Oct. 20, 2010).

[3]*Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision) (holding that a detainee could not bring a § 1983 claim against county employees for the loss of personal property because, under Arkansas law, he could bring a conversion action in state court).

IT IS, THEREFORE, RECOMMENDED that :

1. Defendants' Motion for Summary Judgment (Doc. No. 136) be GRANTED.

2. Plaintiff's Motion to Dismiss (Doc. No. 147) be DENIED.

3. All pending motions should be DENIED as moot.

4. Plaintiff's cause of action against Defendants should be DISMISSED with prejudice.

Dated this 9th day of January, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE